JOURNAL ENTRY AND OPINION
{¶ 1} Jeffrey Beck appeals the decision of the trial court in modifying his child support obligation to Carol Beck to $2,500 per month. Finding no error in the proceedings below, we affirm. The following facts give rise to this appeal.
 {¶ 2} The Becks were divorced in 1998. Carol Beck was designated the primary residential parent of the parties' two minor children. Jeffrey Beck was ordered to pay child support for the Becks' two children in the amount of $2,000 per child, per month.
 {¶ 3} By 2001, one of the Becks' two children was emancipated, after which time Jeffrey Beck continued to have a $2,000 support order for the remaining minor child. In 2001, Carol Beck filed a Motion to Modify Child Support, alleging a change of circumstances warranted an upward modification of child support. A hearing on Carol Beck's motion was held in 2002 before a magistrate. The magistrate issued her recommendation in February 2003 finding that a change of circumstances existed and that Jeffrey Beck should pay to Carol Beck $1,800 per month as child support for the remaining child. Jeffrey Beck did not file objections to the magistrate's recommendation. Carol Beck did file objections to the magistrate's recommendation, specifically to the reduction in the amount of Jeffrey Beck's child support order. The trial court adopted the magistrate's findings regarding the existence of changed circumstances, but sustained Carol Beck's objections as to the reduction in child support and ordered Jeffrey Beck to pay $2,500 per month in child support, retroactive to July 1, 2001. It is from that decision of the trial court that Jeffrey Beck appeals advancing two assignments of error. The first assignment of error is as follows:
 {¶ 4} "The trial court erred as a matter of law when ordering appellant to pay child support to appellee in excess of the statutory limit without proper justification."
 {¶ 5} R.C. 3119.04(B) provides in pertinent part:
"(B) If the combined gross income of both parents is greaterthan one hundred fifty thousand dollars per year, the court, withrespect to a court child support order, or the child supportenforcement agency, with respect to an administrative childsupport order, shall determine the amount of the obligor's childsupport obligation on a case-by-case basis and shall consider theneeds and the standard of living of the children who are thesubject of the child support order and of the parents. The courtor agency shall compute a basic combined child support obligationthat is no less than the obligation that would have been computedunder the basic child support schedule and applicable worksheetfor a combined gross income of one hundred fifty thousanddollars, unless the court or agency determines that it would beunjust or inappropriate and would not be in the best interest ofthe child, obligor, or obligee to order that amount. If the courtor agency makes such a determination, it shall enter in thejournal the figure, determination, and findings."
 {¶ 6} The trial court imputed annual income to the father of $240,000 and annual income to the mother of $30,000. That combined income of $270,000 exceeds the $150,000 limit in R.C.3119.04(B). As a result, the statute requires the trial court to determine the child support on a "case-by-case basis" and in accordance with the considerations outlined in the statute.
 {¶ 7} The court, in determining the original child support amount, deviated upward from that statutory amount as a result of several factors, including the children's school tuition. The trial court also considered the pre-divorce standard of living of the children.
 {¶ 8} Within the parameters of R.C. 3119.04(B), the court is guided by insuring that the children enjoy as close to "the standard of living they would have enjoyed had the marriage continued." Schultz v. Schultz, 1001 Ohio App.3d 715. We review the trial court's determination for an abuse of discretion.Booth v. Booth, 44 Ohio St.3d 142.
 {¶ 9} Jeffrey Beck argues that the trial court's ruling "was not supported by the evidence presented [to the magistrate and in] making this arbitrary and unsupported decision, the trial court completely ignored the specific findings of the Magistrate." The court is entitled to ignore the findings of the magistrate; thus, that fact alone cannot establish error by the trial court. Civ.R. 53(E)(4)(b).
 {¶ 10} Because Jeffrey Beck failed to object to the magistrate's report, he is also not entitled to challenge on appeal the findings by the magistrate that a change of circumstances has occurred. Civ.R. 53(E)(3)(d) reads: "(d) Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." As a result, Jeffrey Beck is not permitted to assign as error any of the findings of the magistrate that were adopted by the trial court. The trial court adopted all of the magistrate's findings. The only portion of the magistrate's recommendation that was not adopted by the trial court was the amount of the child support modification.
 {¶ 11} The magistrate recommended that Jeffrey Beck's child support order be reduced to $1,800. The trial court made the following findings, all adopted from the magistrate's recommendation, prior to ordering Jeffrey Beck's child supportincreased to $2,500:
 {¶ 12} "[T]he Plaintiff/Father, in July of 1998 filed a Motion to Modify Support (#134846), alleging that his income was going to be drastically reduced due to a job change (that was voluntary on his part). However, the facts were quite the contrary and, in fact, the Plaintiff/Husband during 1998 was earning and earned approximately $240,000."
 {¶ 13} "At the time of the initial trial in January of 1998, the Court was convinced that the Plaintiff/Husband was always going to try to decrease any support obligation he would have and he would continue to play games with his earnings (which has been born [sic] out with subsequent litigation)."
 {¶ 14} "It is clear that the Plaintiff/Father has voluntarily decided to work at a capacity making not only less than the $350,000.00 he made in the 90's, but making less than the $240,000.00 that was imputed to him * * *."
 {¶ 15} "The Court still finds, * * * the Plaintiff/Father could easily make $240,000.00 a year and that he has chosen to be voluntarily underemployed making only $215,000.00."
 {¶ 16} "[W]ith respect to the Defendant/Mother's motion to increase her child support, the Court finds that she should still have an imputed income of $30,000.00. While the Court doubts that the Defendant/Mother has made any actual attempt to increase her income over and above her $10,000.00 per year that she makes right now, the evidence at the hearing and the testimony before [the] Magistrate * * * was that she has tried to get a better job. There was no evidence set forth by the Plaintiff/Father of her earning capacity, which would cause this Court to impute a greater income to her of $30,000.00 a year."
 {¶ 17} "[The] child support [order] of $4,000.00 per month for both minor children * * * was based on the fact that the children were in private school at Hawkin [sic] — which the Court found should continue. The Court found then that the parties valued education and extracurricular activities to such an extent that this was a desirable deviation in order to maintain as closely as possible the standard of living that the children would have experienced had the parties stayed together."
 {¶ 18} The court then found that the tuition at Hawken had increased by an additional $6,000 per year since 1998. Finally, while finding that the evidence supported that the parties' imputed income was identical to that imputed at the time of the 1998 order, the court found Jeffrey Beck's expenses had actually decreased, resulting in his having nearly $7,000 per month in disposable income. These adopted findings caused the court to conclude that Jeffrey Beck "has sufficient income to support an increase [in child support]."
 {¶ 19} Carol Beck is a licensed physician and desires her child to attend a very expensive private school. The trial court found that Carol Beck made some attempt to get a job earning more than the $10,000 she currently earns. We note that it is clear to this court that Carol Beck has not contributed financially at a level consistent with her education and training to improve the standard of living of her children. The trial court found that her contribution and job-seeking efforts were sufficient. We find no evidence to dispute this finding. Therefore, we cannot say the court abused its discretion in granting Carol Beck's motion to modify child support. This assignment of error is overruled.
 {¶ 20} Jeffrey Beck's second assignment of error is as follows:
 {¶ 21} "The trial court abused its discretion by finding that a change of circumstances existed warranting a modification of child support paid to appellee by appellant."
 {¶ 22} The argument underlying this assignment of error overlaps with the first assignment of error. Jeffrey Beck argues that there is no change in circumstances sufficient to warrant a modification of the existing order.
 {¶ 23} The change of circumstances was found by the magistrate and those findings were adopted by the trial court as outlined above. Jeffrey Beck did not object to those findings by the magistrate. As a result, Jeffrey Beck is prohibited from assigning as error those findings of the magistrate, adopted by the trial court, to which he did not file objections.
 {¶ 24} Jeffrey Beck's argument that the trial court's findings were in error because they differed with the findings of the magistrate is irrelevant. Civ.R. 53(E)(4)(b). This assignment of error is overruled.
 {¶ 25} The judgment is affirmed.
Judgment affirmed.
Diane Karpinski, P.J., concurs.
Anthony O. Calabrese, JR., J., dissents.
(See Separate Dissenting Opinion).