JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Elizabeth Busuladzic ("Elizabeth"), appeals the trial court's decision granting the motion to vacate filed by plaintiff-appellee, Damir Busuladzic ("Damir"). Finding merit to the appeal, we reverse and remand.
 {¶ 2} In August 2002, Damir initiated an action for divorce. The matter proceeded to trial before a magistrate. The four-day trial was held during January, February, and March 2004. The magistrate issued his decision with findings of facts on July 30, 2004, regarding the division of marital property, the shared parenting plan, the division of real estate, spousal support, and child support.
 {¶ 3} Elizabeth filed a motion for an enlargement of time to file objections to the magistrate's decision and retained new counsel. She then filed an additional motion for extension of time to order the trial transcripts from the court reporter.
 {¶ 4} On December 3, 2004, Elizabeth filed a motion requesting an additional extension stating that counsel had just received the transcripts and needed additional time to file written objections. The court granted her an extension until January 3, 2005.
 {¶ 5} On December 30, 2004, Elizabeth filed her fourth motion for enlargement of time to file objections. On January 5, 2005, the trial court granted her a one-week extension. Damir never received service of the motion, however, but became aware of the motion on January 5, 2005 after checking the court's on-line docket.
 {¶ 6} On January 7, 2005, Damir filed a motion to vacate the court's order granting the extension. The court granted the motion and vacated its previous order. Finding that the time to file objections expired on January 3, 2005, the trial court adopted the magistrate's decision and issued the final judgment entry of divorce in February 2005.
 {¶ 7} Elizabeth now appeals, raising one assignment of error, in which she argues that the trial court abused its discretion when it granted Damir's motion ex parte because it caused her objections to the magistrate's decision to be retroactively untimely.
 {¶ 8} The decision to grant or deny a motion to vacate is within the discretion of the trial court; therefore, we review the decision under an abuse of discretion standard. An abuse of discretion is "more than an error of law, it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 9} Civ. R. 53(E) governs magistrates' decisions and states, in part, that a party who objects to a magistrate's decision has fourteen days to file written objections. "The clear import of Civ. R. 53(E) is to provide litigants with a meaningful opportunity to register objections to a report of the referee before judgment is entered thereon, and a failure to provide such an opportunity to object is prejudicial error." Pinkerson v.Pinkerson (1982), 7 Ohio App. 3d 319, 455 N.E.2d 693. For the foregoing reasons, we find that Elizabeth was denied a meaningful opportunity to file her objections to the magistrate's decision.
 {¶ 10} Elizabeth timely filed her first motion for an enlargement of time to file written objections to the magistrate's decision; that is, she filed the motion before the fourteen-day time limit to file written objections had expired. She retained new counsel in October 2004 and he requested an additional extension so that he could secure the trial transcript.[1] The record shows that Elizabeth filed her third extension in early December because her counsel had just received the transcript from the court reporter. The final motion for an enlargement of time, filed on December 30, simply requested an additional week to file the written objections.
 {¶ 11} The trial court granted the requested extensions, including the last motion. Then the court, for reasons not found in the record, vacated its previous order that had given Elizabeth until January 11, 2005, to file written objections.
 {¶ 12} The court originally granted Elizabeth's last motion for enlargement of time on January 5, 2005. The court vacated that order on January 7, 2005. The original deadline for the written objections was January 3, 2005. Elizabeth was then unable to timely file objections to the magistrate's decision.
 {¶ 13} We would be inclined to find the trial court's actions reasonable if it had given Elizabeth even a short time in which to file objections after vacating its previous order. We would also likely find the court's procedure reasonable if it had simply denied her fourth motion for an enlargement of time. What the court did in this case, however, made the filing of timely objections impossible. That action essentially denied Elizabeth any meaningful opportunity to file objections and was therefore an abuse of discretion.
 {¶ 14} We are cognizant of the trial court's generosity in granting Elizabeth four extensions. What we find to be arbitrary and capricious is the court's granting a final extension to file objections and then vacating its entry after the previous deadline to file objections had already passed.[2]
 {¶ 15} Additionally, the court's actions amount to an abuse of discretion because they adversely affect Elizabeth's right to appeal the final judgment entry of divorce. Civ.R. 53(E)(3)(d) provides as follows:
"Waiver of right to assign adoption by court as error on appeal. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 16} As a result, a party is not permitted to assign as error any of the findings of the magistrate that were adopted by the trial court unless that party files objections to the magistrate's decision. See Beck v. Beck, Cuyahoga App. No. 83132, 2004-Ohio-861. Therefore, the trial court's actions made it impossible for Elizabeth both to timely object to the magistrate's decision and thus to appeal the divorce.
 {¶ 17} Therefore, we find that the trial court's decision granting Damir's motion to vacate its judgment entry was an abuse of discretion. Accordingly, the assignment of error is well taken.
 {¶ 18} Judgment reversed and case remanded to allow Elizabeth a reasonable time in which to file her objections to the magistrate's decision.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, J. and Sean C. Gallagher, J. concur.
[1] Civ. R. 53(E)(3)(c) provides that "any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
[2] We also note that multiple continuances may not have been unreasonable considering the circumstances of this case. Elizabeth retained new counsel in October, who had to secure trial transcripts from the court reporter. Since counsel was not present for trial, he would have to review the full transcript before determining what objections could be made and he did not receive the transcript until December 2004.