OPINION
{¶ 1} Appellant, Beth Motzer ("Motzer"), purportedly appeals from the May 30, 2003, judgment entry of the Lake County Common Pleas Court, Probate Division. A review of the record reveals appellant's assignments of error stem from the final appealable order entered by the Lake County Common Pleas Court, Probate Division, on March 12, 2003. Appellant did not timely appeal the March 12, 2003 order; therefore, this appeal is dismissed.
 {¶ 2} David Jerson ("Jerson") died on October 17, 1999, because of injuries he sustained in a workplace accident. Jerson was survived by his wife, Beth Jerson, n.k.a. Beth Motzer; two children, David A. Jerson, Jr., born October 31, 1991, and Matthew C. Jerson, born March 11, 1994; his parents Al and Josephine Jerson; and three siblings.
 {¶ 3} On June 20, 2000, Motzer filed an application for authority to administer her husband's estate. Motzer filed an application to approve wrongful death settlement on August 28, 2000. This application sought approval of a structured settlement with Jerson's employer in the amount of $585,000. This money was to be distributed as follows: $495,000 to Motzer, $45,000 to David A. Jerson, Jr., and $45,000 to Matthew C. Jerson.
 {¶ 4} On September 21, 2000, appellees filed a motion to remove Motzer as administratrix and fiduciary of Jerson's estate. Appellees also filed a motion to appoint a guardian ad litem. The motion was heard by a special master. The special master recommended a guardian ad litem be appointed and that Motzer be removed as administratrix. By entry filed September 26, 2001, the trial court confirmed the report of the special master. The trial court appointed Charles E. Cannon administrator of Jerson's estate and appointed Barry M. Byron guardian ad litem.
 {¶ 5} On December 4, 2001, Cannon filed an application to approve wrongful death settlement. Cannon proposed the settlement be distributed as follows: fifty percent to Motzer, twenty-three percent to each minor child, and two percent to each surviving parent. Appellees filed objections to the proposed distribution on December 17, 2001.
 {¶ 6} A magistrate heard the matter. The magistrate recommended the trial court approve the settlement but did not submit a recommendation regarding the distribution of the proceeds "* * * upon the parents and siblings' request for further proceedings."
 {¶ 7} Appellees filed objections to the magistrate's decision and moved to have the matter re-committed to the special master for determination of the distribution. The trial court re-committed the matter to the special master.
 {¶ 8} On July 23, 2002, due to health problems, the court removed Cannon as administrator and appointed Timothy P. Cannon administrator.
 {¶ 9} Appellees filed objections to the proposed distribution on August 2, 2002. Appellees proposed to distribute the settlement as follows: twenty-nine percent to each of the minor children, twelve percent to Motzer, twelve percent to each surviving parent, and two percent to each of the three surviving siblings.
 {¶ 10} On August 2, 2002, the special master held a hearing on the settlement distribution.
 {¶ 11} The special master issued his report on November 6, 2002. The special master recommended distribution as follows: ten percent to Jerson's parents jointly, twenty percent to Motzer, thirty-five percent to each child, and nothing to Jerson's surviving siblings.
 {¶ 12} Motzer filed objections to the special master's recommendations on December 5, 2002. The trial court deferred ruling on Motzer's objections to give Motzer time to obtain a transcript of the hearing. When no transcript was filed, the trial court entered judgment overruling Motzer's objections and confirming the recommendations of the special master. This judgment was entered on March 12, 2003.
 {¶ 13} On March 14, 2003, Motzer's counsel sent a letter to the court asking for a status conference regarding the court's March 12 entry.
 {¶ 14} On April 18, 2003, Motzer filed a transcript of the special master hearing.
 {¶ 15} On April 25, 2003, Royal Appliance ("Royal"), Jerson's employer, and Federal Insurance, Royal's insurer, moved to intervene.
 {¶ 16} On April 29, 2003, the trial court put on an order scheduling a status hearing and granting the motion to intervene. In this order, the trial court also noted that its March 12, 2003 entry constituted a final appealable order.
 {¶ 17} On May 30, 2003, the trial court put on a judgment entry, the body of which states in its entirety:
 {¶ 18} "This case came for hearing this 30th day of May, 2003 upon Agreement of the undersigned parties, the administrator is hereby authorized to execute a release in favor of Royal Appliance Inc. and Federal Insurance Co. aka Chubb Group of Insurance companies in accordance with the settlement previously approved. The court hereby orders the administrator to request a lump sum distribution sufficient to satisfy existing claims as ordered by the court, and to further direct reallocation of the existing annuity in accordance with the previous order of the court dated March 12, 2003, in a manner that preserves the value of the structured settlement."
 {¶ 19} Motzer's counsel signed the entry but "with reservation of any rights Beth Motzer may have."
 {¶ 20} On June 30, 2003, Motzer filed a notice of appeal from the May 30, 2003 entry assigning the following errors:
 {¶ 21} "1. The Special Master erred and abused his discretion in failing to adopt the allocation recommendation of the Administrator of the Estate.
 {¶ 22} "2. The Special Master erred and abused his discretion in receiving and considering evidence of collateral benefits, including but not limited to the Workers' Compensation settlement, and this further was both beyond the jurisdiction of this Court and unconstitutional.
 {¶ 23} "3. The amount allocated to the surviving spouse is insufficient, both in its own right and in comparison to the allocations to the other beneficiaries.
 {¶ 24} "4. The special Master erred and abused his discretion in receiving and considering evidence subsequent to the date of death, including but not limited to Appellant's remarriage.
 {¶ 25} "5. The Special Master failed to consider the reimbursement claim of John Hurley, Esq. and Elisabeth Plax.
 {¶ 26} "6. The Special Master erred and abused his discretion in not appointing Appellant as trustee of the trusts of her two sons, and in failing to make the determination based upon the best interests of the minor boys, and in overlooking the fact that no evidence was presented that Appellant, as their natural mother and custodial parent, is not the best person to serve as trustee."
 {¶ 27} On October 15, 2003, appellees moved to dismiss this appeal and moved for attorney fees and costs. Appellees argued Motzer was in fact appealing the trial court's March 12, 2003 entry for which the time to file an appeal had expired. We overruled appellees' motion by entry filed December 22, 2003. In our entry, we stated:
 {¶ 28} "Without addressing the merits of the assignments of error set forth in Appellant's brief, we note that if any issues involved a final order of the trial court issued prior to May 30, 2003, they will not be considered but will summarily found to be without merit. More importantly, even if such issues are present, it would not constitute grounds to dismiss this appeal as untimely. The May 30, 2003 judgment is a final appealable order and a timely notice of appeal was filed from that judgment."
 {¶ 29} We also overruled appellees' motion for attorney fees and costs.
 {¶ 30} Each of Motzer's assignments of error challenges the decision of the special master, which was confirmed by the trial court on March 12, 2003. If the March 12, 2003, order was a final appealable order, the instant appeal must be dismissed as untimely filed.
 {¶ 31} R.C. 2505.02(B) states:
 {¶ 32} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 33} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 34} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 35} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 36} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 37} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 38} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 39} "(5) An order that determines that an action may or may not be maintained as a class action."
 {¶ 40} We must determine whether the trial court's March 12, 2003 order was an order affecting a substantial right made in a special proceeding. R.C. 2505.02(B)(2). We have previously noted that orders "`* * * entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuant to R.C.2505.02.'" In re Estate of Pulford (1997), 122 Ohio App.3d 92,95, quoting Polikoff v. Adam (1993), 67 Ohio St.3d 100, 616, syllabus. "Under Polikoff, it is the underlying action that must be examined to determine whether an order was entered in a special proceeding." Id., citing Walters v. The Enrichment Ctr.of Wishing Well, Inc. (1997), 78 Ohio St.3d 118, 121-122. Wrongful death actions, the underlying action here, are a creature of statute, and thus, a probate court's order confirming the distribution of a wrongful death settlement is an order made in a special proceeding under R.C. 2505.02(B)(2). Id. at 97 (stating, "Therefore, the probate court's order that appellant was not entitled to any wrongful death distribution is also an order made in a special proceeding.")
 {¶ 41} We next must determine whether the trial court's order of March 12, 2003 affected a substantial right. An order affects a substantial right when, if not immediately appealable, the order would foreclose appropriate relief in the future. Id., citing Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60,63. Such is the case here. The trial court's order determined the distribution of the proceeds of the settlement. If not immediately appealable, this order would foreclose Motzer from challenging the distribution in the future. Thus, we conclude the trial court's March 12, 2003 order confirming the special master's report was a final appealable order under R.C.2505.02(B)(2).
 {¶ 42} Motzer had thirty days from the judgment entry of March 12, 2003 to perfect her appeal. App.R. 4(A). The time limit established by App.R. 4 is jurisdictional. In re Potter, 3rd Dist. No. 11-03-06, 2003-Ohio-4735, ¶ 5.
 {¶ 43} Motzer filed the instant appeal on June 30, 2003 — well past the thirty-day time limit established by App.R. 4. Because appellant's assigned errors are predicated on the trial court's March 12, 2003 judgment entry, not its May 30, 2003 judgment entry, we lack jurisdiction to consider the merits of the instant case.
 {¶ 44} For the foregoing reasons, this appeal is dismissed.
O'Neil, J., Grendell, J., concur.