[Cite as *In re Estate of Molitor*, 2016-Ohio-1429.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | : | |
| | | CASE NO. CA2015-08-022 |
| ESTATE OF | : | |
| JOHN A. MOLITOR, DECEASED. | | O P I N I O N |
| | : | 4/4/2016 |
| | : | |
| | : | |

APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 2002 1171

Lawrence J. Brokamp, 3734 Eastern Avenue, Cincinnati, Ohio 45226, for appellee, Estate of John A. Molitor

Jackie Rothwell and Frank Molitor, 2900 Nancy Green Ridge Road, Prospect, Tennessee 38477, appellants, pro se

Barbara Vogelpohl, 10696 Hopping Road, Harrison, Ohio 45030, defendant, pro se

Ron Molitor, 392 Saint George Road, Staten Island, New York 10306, defendant, pro se

Steven Molitor, 6211 U.S. Highway 98N, Lakeland, Florida 33809, defendant, pro se

**M. POWELL, P.J.**

{¶ 1} Defendants-appellants, Jackie Rothwell and Frank Molitor, appeal from a decision in the Brown County Court of Common Pleas, Probate Division, in a contest relating to the distribution of wrongful death proceeds. For the reasons detailed below, we affirm the

decision of the probate court.

{¶ 2} John Molitor died intestate on December 28, 2001 as a result of asbestos-related health problems. He was survived by his wife, Lilly, and their five children: Barbara Vogelpohl, Steve Molitor, Ronald Molitor, Jackie Rothwell, and Frank Molitor. Asbestos-related wrongful death claims were brought against several companies. In September 2002, an estate was opened in the probate court for the sole purpose of pursuing the wrongful death claims and administering any resulting settlements. Over the next several years, a number of those claims were settled. In April 2008 the probate court, pursuant to an application to approve settlement and a proposed distribution of the wrongful death damages, ordered that the wrongful death damages be distributed in accordance with R.C. 2105.06, Ohio's statute of descent and distribution. This order resulted in the distribution of the entire wrongful death proceeds to Lilly. However, because Lilly died prior to the order of distribution, her estate was entitled to the distribution.

{¶ 3} Appellants appealed the probate court's order distributing the wrongful death damages pursuant to R.C. 2105.06. In *In re Molitor*, 12th Dist. Brown No. CA2012-06-013, 2013-Ohio-525 ("*Molitor I*"), this court reversed the probate court's judgment that the wrongful death damages be distributed pursuant to R.C. 2105.06 and remanded the matter to the probate court to conduct a hearing and order distribution of the wrongful death proceeds in accordance with the wrongful death statute, R.C. 2125.03.

{¶ 4} In accordance with our decision in *Molitor I*, the probate court conducted an evidentiary hearing pursuant to R.C. 2125.03 in which all of the children, including appellants, participated. In its order dated October 27, 2014, the probate court ordered that the wrongful death proceeds be distributed 50 percent in favor of Lilly's estate and 50 percent divided equally among the five children. The probate court also approved the co-administrators' application for attorney fees in the sum of $16,980 to be paid from the wrongful death

- 2 -

proceeds. The judgment entry included the appropriate Civ.R. 58(B) certification, as well as an order providing "[t]here is no just reason for delay."

{¶ 5} Appellants subsequently filed a motion to reconsider and motion for findings of fact and conclusions of law. After taking the matter under advisement, the probate court, by judgment entry of January 16, 2015, issued findings of fact and conclusions of law, denied appellants' request for reconsideration, overruled their assertions that Lilly was not entitled to a distribution of wrongful death proceeds, and reaffirmed its prior attorney fee award to the estate's attorney. Once again, the probate court included the appropriate Civ.R. 58(B) certification and ordered "[t]here is no just reason for delay." Appellants did not appeal from this decision.

{¶ 6} On July 24, 2015, the probate court entered a supplemental judgment entry to the prior entry approving and settling the account in John's estate. In this supplemental judgment entry, the probate court noted that future wrongful death settlements may be forthcoming and it was necessary that there be an authorized estate representative to administer any such future settlements. Therefore, the probate court appointed Ellen Molitor and Charlotte Molitor, as fiduciaries of the estate, with the legal authority to enter into settlement agreements and sign documents related to any new wrongful death claims. The supplemental judgment entry referenced the October 27, 2014 and January 16, 2015 entries relating to the distribution of wrongful death proceeds and reiterated the percentage distribution formula set forth in those prior entries.

{¶ 7} Appellants again filed what they captioned as an objection to the probate court's July 24, 2015 decision. The probate court denied that request in a judgment entry dated September 8, 2015. Appellants now appeal from the trial court's decision, raising three assignments of error for review.

{¶ 8} Assignment of Error No. 1:

- 3 -

{¶ 9}  THE PROBATE COURT ABUSED ITS DISCRETION BY DIVIDING 50% WRONGFUL DEATH SETTLEMENT PROCEEDS TO LILLY'S ESTATE AND 10% EACH TO FRANK, STEVE, JACKIE, RON AND BARB.

{¶ 10}  Assignment of Error No. 2:

{¶ 11}  THE PROBATE COURT ERRED IN AWARDING ATTORNEY FEES AND COSTS TO ATTORNEY BROKAMP FROM WRONGFUL DEATH PROCEEDS.

{¶ 12}  In their first and second assignments of error, appellants claim the probate court abused its discretion in apportioning the proceeds of the wrongful death settlement and awarding attorney fees therefrom.  We conclude appellants' challenges to these issues are untimely and therefore warrant dismissal.

{¶ 13}  Pursuant to App.R. 4(A), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."  R.C. 2505.02(B) provides that "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of [the orders set forth in R.C. 2505.02(B)(1)-(7) ]."  R.C. 2505.02(B)(2) includes as a final order "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶ 14}  In *In re Estate of Jerson*, 11th Dist. Lake No. 2003-L-102, 2004-Ohio-5319 the court of appeals found "[w]rongful death actions * * * are a creature of statute, and thus, a probate court's order confirming the distribution of a wrongful death settlement is an order made in a special proceeding under R.C. 2505.02(B)(2)."  *Id.* at ¶ 40, citing *In re Estate of Pulford*, 122 Ohio App.3d 92, 97 (11th Dist.1997) ("the probate court's order that appellant was not entitled to any wrongful death distribution is also an order made in a special proceeding").  In addition, the court in *Jerson* also found that the order distributing the proceeds of the settlement affected a "substantial right," thus constituting a final appealable

- 4 -

order for purposes of R.C. 2505.02 and App.R. 4.

{¶ 15} As previously noted, the probate court issued orders for the distribution of wrongful death proceeds on October 27, 2014 and January 16, 2015. Appellants did not file their notice of appeal until August 24, 2015, which is well beyond the 30-day time limitation contained in App.R. 4. Consequently, we find appellants' assigned errors relating to the probate court's judgment distributing the wrongful death proceeds and awarding attorney fees are untimely. Therefore, we lack jurisdiction to consider the merits of those arguments and find dismissal is appropriate.

{¶ 16} The July 24, 2015 and September 8, 2015 judgment entries appointed fiduciaries for John's estate and authorized them to enter into future wrongful death settlements. Appellants do not challenge the probate court's decision in this regard. Rather, appellants' arguments are an attempt to re-litigate issues which they failed to timely appeal. The probate court's reiteration of the previously ordered distribution formula does not give rise to a new avenue of collateral attack on the issue.

{¶ 17} Assignment of Error No. 3:

{¶ 18} TO THE EXTENT THAT THE JULY 24, 2015 DECISION REFERS TO FUTURE PROCEEDS, THE COURT ERRED BY EXERCISING JURISDICTION OVER PROCEEDS THAT HAVE NOT BEEN RECEIVED BY THE ESTATE REPRESENTATIVE.

{¶ 19} In their third assignment of error, appellants argue the probate court's judgment entry was void and the probate court lacked jurisdiction over proceeds that had not yet been received. We find no merit in these arguments.

{¶ 20} Pursuant to R.C. 2125.02(A)(3)(a):

> The date of the decedent's death fixes * * * the status of all beneficiaries of the civil action for wrongful death for purposes of determining the damages suffered by them and the amount of damages to be awarded.

- 5 -

{¶ 21} Here, the probate court, after notice to all parties, including appellants, held an evidentiary hearing on the distribution of the wrongful death proceeds. Appellants were afforded a full and fair opportunity to present their evidence and claims related to the damages they suffered due to their father's wrongful death. The statute fixes the status of the wrongful death beneficiaries as of the date of the decedent's death. Therefore any change in the status of a wrongful death beneficiary after a decedent's death is not relevant to the distribution of wrongful death damages. Furthermore, the probate court's judgment as to the distribution of wrongful death damages after an evidentiary hearing on the matter, becomes res judicata as to beneficiaries who were notified of the hearing, thus precluding those beneficiaries from re-litigating the distribution formula.

{¶ 22} The probate court did not err or exceed its jurisdictional authority by entering an order fully disposing of the case after conducting a full hearing on the issues and allocating a proper distribution of past and prospective wrongful death proceeds. *See* R.C. 2101.24 (jurisdiction of probate court). Accordingly, any argument that appellants now raise with respect to the status of the parties is irrelevant, specifically with respect to the intervening death of Lilly, whose status as their father's surviving spouse was fixed as of the time of his death. We overrule appellants' third assignment of error as being without merit.

{¶ 23} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.