PINKERSON, APPELLEE, *v.* PINKERSON, APPELLANT.

(Nos. C-810322, -810323 and -810324— Decided September 1, 1982.)

*Messrs. Goodman & Goodman, Mr. Stanley Goodman* and *Mr. Donald P. Morrisroe,* for appellee William A. Pinkerson.

*Mr. William A. Busemeyer,* for appellant Nancy P. Pinkerson.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The parties herein were divorced on September 3, 1980. Following the entry of the divorce decree, the parties experienced severe disagreements concerning, *inter alia,* custody of the minor children involved, support payments, visitation rights and division of the marital assets. Resultant motions were filed by the parties, all of them being heard by a referee on March 6, 1981. Three entries, each styled "Report of Referee and Journal Entry," were adopted by the lower court on March 9, 1981. It is from these orders that defendant-appellant brings the instant consolidated appeals.

Defendant brings five assignments of error on this appeal. The first assignment is that the court below erred in entering judgment upon the "Report of Referee and Journal Entry" without affording defendant the opportunity to file objections thereto. For the following reasons, we find this assignment of error to be well-taken.

Civ. R. 53(E) mandates that the referee shall prepare a report upon the matters submitted to him by the order of reference, shall file this report with the clerk of the court and shall mail a copy of this report to the parties. A party may, within fourteen days of the filing of the report, serve and file written objections to it.

The clear import of the foregoing scheme is to provide litigants with a meaningful opportunity to register objections to a report of the referee before action is taken on such report. There is no record of a report being filed in the instant cause. Instead, there are only three entries, each purporting to adopt a referee's report of *Friday,* March 6, 1981. These entries are dated *Monday,* March 9,

1981. It cannot be gainsaid that defendant was never given a meaningful opportunity to object to the referee's reports before judgment was entered on them. The glaring failure to comply with the clearly delineated procedure of Civ. R. 53(E) was error prejudicial to the rights of defendant.[1]

Defendant brings four additional assignments of error, all going to the merits of the entries appealed from, to wit, the refusal to find plaintiff in contempt, making any reduction in child support retroactive to September 5, 1980, finding defendant in contempt and terminating support payments. Our disposition of the first assignment of error necessitates that we decline to review the remaining four assignments. We simply cannot speculate as to whether or not these rulings will be readopted, in whole or in part, once the court below has considered whatever objections might be raised to the report of the referee when it is properly filed. See *Steagall* v. *Steagall* (Feb. 25, 1981), Hamilton App. No. C-800034, unreported.

The assignments of error having been considered, it is the order of this court that the judgment appealed from be reversed and the cause is remanded for further proceedings not inconsistent with this decision.

*Judgment reversed and
cause remanded.*

PALMER, P.J., DOAN and KLUSMEIER, JJ., concur.

---

[1] We recognize the docket pressures that bear upon the courts below and do not mean to intimate that this case presents a conscious abdication of authority in the face of these pressures. Nevertheless, we must again caution the courts below against seeking judicial expediency at the expense of procedures designed to safeguard the rights of all litigants. See *Webb* v. *Webb* (Sept. 30, 1981), Hamilton App. No. C-800668, unreported.