OPINION
{¶ 1} Butch Dixon appeals from his conviction in the Fairborn Municipal Court for speeding.
 {¶ 2} On June 20, 2005, Dixon was cited by Beavercreek Police Officer Michael Hummel with speeding. Specifically, he was charged with operating his motorcycle at a speed of 93 miles per hour in a 65 mile per hour zone on Interstate 675 in Beavercreek. *Page 2 
On October 4, 2005, the magistrate for Fairborn Municipal Court found Dixon guilty as charged, fined him One Hundred Dollars ($100) and additionally found that he was driving recklessly, and suspended his driver's license for six (6) months.
 {¶ 3} On October 10, 2005, Dixon appealed the magistrate's decision to this court. On September 22, 2006, we dismissed Dixon's appeal because it was taken from a non-final appealable order. On September 26, 2006, Dixon filed objections to the magistrate's report. On October 17, 2006, the State filed a motion to strike the objections as untimely. On November 13, 2006, the trial court adopted the magistrate's report and noted that Dixon's objections were untimely. The trial court noted the evidence was uncontroverted that Dixon operated his motorcycle at a speed of approximately 93 miles per hour in a 65 miles per hour speed limit zone. The court noted that the police officer who testified at the trial based his determination of Dixon's speed from visual estimation for which he had received training, and from the results of a hand-held battery operated laser device. The trial court also noted that the magistrate properly recommended suspension of Dixon's license for operating his motorcycle at a reckless speed pursuant to R.C. 4510.15.
 {¶ 4} In his first assignment, Dixon contends the trial court erred in admitting Officer Hummel's testimony concerning the speed of his motorcycle as measured by the hand-held laser device. In his second assignment of error, Dixon contends the trial court erred in finding him guilty of speeding and reckless operation. In his last assignment, Dixon contends the trial court erred in failing to accept his plea to an "amended" citation and deprived him of due process by imposing a license suspension based upon reckless operation of a motor vehicle. *Page 3 
 {¶ 5} The State argues that Dixon waived his right to raise the first two assignments because he failed to file timely objections to the magistrate's report and recommendations. We agree. Dixon's appeal of the magistrate's decision was obviously taken from a non-final appealable order and, thus his appeal did not prevent Dixon from filing timely objections to the magistrate's report or from the trial court's ruling upon them. The trial court retains jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment. See State ex rel. Special Prosecutorsv. Judges, Court of Common Pleas, 55 Ohio St.2d 94 (1978). The trial court retained jurisdiction to review the magistrate's report because this court had no jurisdiction to review the magistrate's report until it was approved by the trial court. Crim.R. 19(D)(3)(iv) provides that, except from plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion unless the party has objected to that finding or conclusion as required by Crim.R. 19(D)(3)(b). Dixon's objections were filed well outside the required time period.
 {¶ 6} In his reply brief, counsel argues that the magistrate never issued a written decision that was filed with the court, nor was the decision served upon the appellant. A review of the docket and journal entries reflects that Dixon's notice of appeal filed on October 10, 2005 refers to the decision rendered on October 4, 2005, wherein the magistrate finds Dixon guilty on the evidence presented.
 {¶ 7} There is no plain error present in the trial court's decision. The trial judge noted that she and the court's magistrate had taken judicial notice of the laser device used by Officer Hummel on prior occasions. Where the trial court has done so, additional expert testimony concerning the reliability of the laser device generally is *Page 4 
unnecessary. State v. Pellettiere, Mont. App. No. 21070, 2006-Ohio-1606. Hummel was also trained to estimate speed visually and had nine years of experience in doing so.
 {¶ 8} In State v. Jamnicky, Wayne App. No. 03-CA-0039, 2004-Ohio-324, the Wayne County Court of Appeals found the trial court did not abuse its discretion in suspending the defendant's driver's license pursuant to R.C. 4507.34 when the defendant was found guilty of operating his motorcycle at a speed of 89 miles per hour in a 55 miles per hour zone, on a dry four-lane divided highway with another vehicle in close proximity. That a driver's operation of a motor vehicle was reckless is a conclusion reached by examining both the driving in issue and all the circumstances under which it took place. The court noted that foremost among these circumstances is the threat this manner of operation posed to others citing State v. Hartman (1987), 41 Ohio App.3d 142, 144. In this case, Officer Hummel testified that Interstate 675 carries "a lot of traffic" and noon time is a busy time for this interstate highway. (T. 15.) We agree with the State that the trial court did not abuse its discretion in finding that Dixon's operation of his motorcycle at a grossly excessive speed constituted reckless conduct under all the circumstances.
 {¶ 9} Lastly, there is nothing in the record to support Dixon's claim that the trial court improperly refused to permit him to plead guilty to an amended charge. Dixon's assignments of error are Overruled. The Judgment of the trial court is Affirmed.
 FAIN and GRADY, JJ., concur. *Page 1