[Cite as *Kramanak v. Myers*, 2013-Ohio-2977.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| FRANK KRAMANAK | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013CA00010 |
| JOHN MYERS, ET AL. | : |  |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Canton Municipal
                             Court, Case No. 2012-CVG-06726

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      July 8, 2013

APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

ALETHA CARVER                         JOHN MYERS   PRO SE
MATTHEW HUNT                          SANDY MYERS PRO SE
4775 Munson Street N.W.               P.O. Box 414
Canton, OH 44718                      Magnolia, OH 44643

*Gwin, P.J.*

{¶1}   Appellants appeal the December 31, 2012 judgment entry of the Canton Municipal Court approving and confirming the magistrate's report of December 12, 2012.

*Facts & Procedural History*

{¶2}   Pursuant to a written lease agreement, appellants entered into possession of 1119 – 37th Street N.E., Canton, Ohio, 44714, approximately nineteen (19) years ago as tenants of Joan Kramanak.  Appellee Frank Kramanak is the power of attorney for Joan Kramanak.  The parties renewed the original lease several times with the most recent lease renewal expiring October 1, 2009.  Appellants then remained in the property as holdover tenants.

{¶3}   Appellants contacted the Stark County Health Department on June 11, 2012 regarding mold and water issues in the apartment and the continued failure of appellee to remedy the mold and water issues.  The inspector determined there was mold in the basement laundry room and storage room.  The mold was abated on July 11, 2012, after appellee contracted with an outside company to remove the mold.

{¶4}   On August 16, 2012, appellee gave appellants a thirty-day notice to vacate the property, which became effective on September 25, 2012.  Appellee alleges that, after the thirty-day notice, appellants failed to pay rent for August, September, and October, and failed to leave the premises.  Appellants state they paid the rent for all months except September and they vacated the premises by October 1, 2012.

{¶5}   Appellee filed a forcible entry and detainer action against appellants on October 12, 2012.  At the hearing on the forcible entry and detainer action on October

22, 2012, the trial court dismissed appellee's first cause of action for forcible entry and detainer and continued the second cause of action for damages because appellants had vacated the premises. On October 25, 2012, appellants filed a counterclaim for retaliation pursuant to R.C. 5321.02, alleging appellee retaliated against appellants for reporting appellee to the Stark County Health Department by bringing an action for possession of the premises.

{¶6} An evidentiary hearing on appellee's second cause of action for damages and on appellants' counterclaim for retaliation was held before a magistrate on November 28, 2012. A magistrate's report was issued on December 12, 2012. The magistrate found, from the evidence presented, the parties had a nineteen (19) year landlord/tenant relationship. The magistrate awarded judgment against appellants in the amount of $5,011.06 plus costs and interest and dismissed appellants' counterclaim for retaliation for lack of evidence. Specifically, the magistrate awarded appellee the following: $867.00 for clean up/dumpster, $187.06 for glass door thermopane, $212.00 for front storm door, $150.00 for downstairs bedroom door, $150.00 for family room door, $120.00 for kitchen and bedroom lights, $100.00 for family room paneling, and $3,650.00 for back rent. The magistrate deducted the $425.00 security deposit from the total damages awarded. All other alleged damages were found by the magistrate to be normal wear and tear of a nineteen year tenancy. The magistrate found no evidence to establish any retaliatory actions on the part of appellee. The trial court judge approved and confirmed the magistrate's decision on December 31, 2012. Appellants did not file objections to the magistrate's December 12, 2012 decision, but filed an appeal of the trial court's December 31, 2012 entry and assign the following errors on appeal:

**{¶7}** "I. THE DISTRICT COURT ERRED IN HOLDING THAT COURT FINDS NO EVIDENCE TO ESTABLISH PLAINTIFF VIOLATED SECTION 5321.03 OF OHIO'S REVISED CODE.

**{¶8}** "II. THE DISTRICT COURT ERRED IN JUDGMENT OF $3,650.00 TOTAL BACK RENT AWARDED TO PLAINTIFF.

**{¶9}** "III. THE DISTRICT COURT ERRED IN JUDGMENT THAT DEFENDANT'S COUNTERLCAIM SHOULD BE DISMISSED.

**{¶10}** "IV. THE DISTRICT COURT ERRED IN JUDGMENT ENTITLING PLAINTIFF $867.00 FOR CLEANUP AND DUMPSTER.

**{¶11}** "V. THE DISTRICT COURT ERRED IN AWARDING REPLACEMENT COSTS, NUMBERED 2, 3, 4, 5, 6 ON MAGISTRATE'S REPORT."

*Analysis*

**{¶12}** Civil Rule 53 governs proceedings before magistrates. Civil Rule 53(D)(3)(a)(iii) provides a "magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R.53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."

**{¶13}** However, a party is not prohibited from assigning errors on appeal related to the court's adoption of a magistrate's factual findings if the required language of Civ.R.53(D)(3)(a)(iii) is not included in the magistrate's decision. *Marble Builder Direct Int'l Inc.* v. *Hauxhurst*, 11 Dist. No. 2011-L-040, 2012-Ohio-1674. In this case, appellants failed to file objections to the magistrate's decision within the 14 day period

as provided in Civ.R.53. However, the magistrate's report failed to include the required language of Civ.R. 53(D)(3)(a)(iii). Therefore, appellants are permitted to assign errors related to the trial court's adoption of the magistrate's findings of fact and conclusions of law on appeal.

{¶14} However, while appellants can assign errors related to the trial court's adoption of the magistrate's findings of fact and conclusions of law on appeal because of the lack of the required Civ.R. 53(D) language in the magistrate's report, appellants have the responsibility of providing this Court with a record of the facts, testimony, and evidentiary matters which are necessary to support their assignments of error. *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506 (9th Dist. 1993). This is recognized in App.R. 9(B) which provides, in part: * * * the appellant shall in writing order from the reporter a complete transcript or transcript of such part of the proceedings not already on file as he deems necessary for inclusion in the record * * *." App.R. 9(C) reads:

> "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statements within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the

time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."

**{¶15}** On November 28, 2012, the magistrate held a hearing at which he heard evidence regarding the amount of damages and evidence regarding appellants' retaliation claim. The record reflects appellants failed to request a transcript of the November 28, 2012 evidentiary hearing pursuant to App.R. 9(B) or submit a statement of evidence pursuant to App.R. 9(C). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Because appellants have failed to provide this court with those portions of the transcript necessary for resolution of the assigned errors, i.e. the transcript of the November 28, 2012 evidentiary hearing before the magistrate, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth in *Knapp.*

{¶16} Accordingly, Appellants' Assignments of Error I, II, III, IV, and V are overruled and the judgment of the Canton Municipal Court is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. PATRICIA A. DELANEY

WSG:clw 0617

[Cite as *Kramanak v. Myers*, 2013-Ohio-2977.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FRANK KRAMANAK | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOHN MYERS, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2013CA00010 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is affirmed.  Costs to appellants.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY