[Cite as *Ellison v. Ellison*, 2013-Ohio-3769.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| MICAH ELLISON, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA25 |
| | : | |
| vs. | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| CRYSTAL ELLISON, | : | <u>ENTRY</u> |
| | : | |
| Defendant-Appellant. | : | **Released:  08/22/13** |

_____

<u>APPEARANCES:</u>

Justin W. Skaggs, Skaggs Law Office, Jackson, Ohio, for
Intervenor/Appellant, Michael Nelson.

Frederick C. Fisher, Jr., McCown & Fisher, LPA, Ironton, Ohio, for
Plaintiff/Appellee, Micah Ellison.

Warren Morford, Jr., South Point, Ohio, for Defendant/Appellant, Crystal
Ellison.

Courtney Zolman-Walters, South Point, Ohio, Guardian Ad Litem.[1]

_____

McFarland, P.J.

{¶1} Michael Nelson, Appellant herein and Intervenor below, appeals

from the judgment of the Lawrence County Court of Common Pleas

adopting the magistrate's decision granting Micah and Crystal Ellison a

---

[1] Crystal Ellison and Courtney Zolman-Walters have failed to file briefs or otherwise participate in this
appeal because Ms. Ellison's appeal was voluntarily dismissed on April 29, 2013.

divorce, and naming Micah Ellison as the residential parent of K.E.[2]

Appellant's intervention in the case below was based upon his assertion that he, rather than Micah Ellison, was the biological father of K.E.. On appeal, Appellant contends that 1) the trial court erred and denied him due process when it failed to permit him to participate in the final hearing, where he appeared and asserted his desire to participate; and 2) that the trial court erred by failing to serve him with a copy of the final appealable order.

{¶2} Because the record indicates that Appellant was provided proper notice of the final hearing, appeared at the hearing, and was given the opportunity to present evidence but declined, we cannot conclude that the trial court prohibited him from participating. Thus, we find no merit to Appellant's first assignment of error and therefore it is overruled.

{¶3} However, because we conclude that the trial court erred in failing to serve Appellant with a copy of the magistrate's decision, which decision also lacked the required language required under Civ.R. 53, we must remand this matter to the trial court in order for the magistrate to prepare a decision in the proper form, and to provide the necessary service upon Appellant. Thus, Appellant's second assignment of error is sustained. Accordingly, the

---

[2] Micah and Crystal Ellison have two other children, the paternity of which was not challenged below and is not at issue in the present appeal.

decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.

## FACTS

{¶4} Appellees, Micah and Crystal Ellison, were married on May 30, 2002, and three children were born during the marriage. Micah Ellison filed a complaint for a divorce on August 27, 2010, alleging as part of the divorce filings that he was the natural parent of all three children born during the parties' marriage, including the third and youngest child, K.E., who was born on January 16, 2008. The parties initially were granted shared parenting of the children, however, that arrangement soon proved problematic and was followed with a series of contempt and emergency custody motions.

{¶5} On January 23, 2012, on the morning of the scheduled divorce hearing, Michael Nelson filed a motion to intervene in the matter, claiming that DNA testing had confirmed that he was the biological father of K.E. A magistrate's decision filed on January 31, 2012, found Nelson's motion to be well taken and ordered Nelson, Crystal Ellison, and K.E. to submit to DNA testing at the Lawrence County Department of Job and Family Services. Although Micah Ellison objected to the magistrate's decision to allow

Nelson to intervene, the trial court, by entry dated May 10, 2012, found

Nelson had grounds to intervene and again ordered DNA testing.

{¶6} The divorce proceedings came on for final hearing again on June

28th and 29th, 2012. Nelson was provided notice of the scheduled hearing

and actually appeared at the hearing, albeit without counsel. The record

indicates that Nelson's attorney was not present at the hearing as he was on

vacation. As will be discussed more fully, infra, the trial court inquired as to

whether Nelson intended to ask questions during the proceeding to which

Nelson responded in the negative. The court gave Nelson the option to stay

or leave, after which it appears Nelson left. Noting that Nelson's counsel

had not contacted the court regarding obtaining a continuance, the court

proceeded to conduct the hearing.

{¶7} A magistrate's decision was issued on August 20, 2012. The

record reflects that neither Nelson nor his counsel were served with a copy

of the decision. As such, Nelson did not file objections to the magistrate's

decision. A final, appealable order was subsequently filed by the trial court

on October 22, 2012, followed by an amended final, appealable order on

October 31, 2012. Nelson was not served with either of these orders.

Nonetheless, Nelson filed a timely appeal from the amended final order,

setting forth the following assignments of error for our review.

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ERRED BY FAILING TO PERMIT
        APPELLANT TO PARTICIPATE IN THE FINAL HEARING
        WHERE APPELLANT APPEARED AND ASSERTED HIS DESIRE
        TO PARTICIPATE DENYING APPELLANT-NELSON DUE
        PROCESS OF LAW IN CONTRAVENTION OF THE 14TH
        AMENDMENT TO THE UNITED STATES CONSTITUTION AND
        ARTICLE 1 §16 OF THE OHIO CONSTITUTION.

II.    THE TRIAL COURT ERRED BY FAILING TO SERVE
        APPELLANT-NELSON WITH A COPY OF A FINAL
        APPEALABLE ORDER IN CONTRAVENTION OF O. CIV. R.
        58(b)  AND IN CONTRAVENTION OF THE 14TH AMENDMENT
        TO THE UNITED STATES CONSTITUTION AND ARTICLE 1
        §16 OF THE OHIO CONSTITUTION."

ASSIGNMENT OF ERROR I

{¶8} In his first assignment of error, Nelson contends that the trial

court erred and denied him due process when it failed to permit him to

participate in the final hearing.  Micah Ellison counters by arguing that

Nelson was given the opportunity to participate in the hearing, but failed to

take advantage of the opportunity.  Based upon our review of the hearing

transcript, we agree with Ellison, and therefore find no error or deprivation

of due process on the part of the trial court.

{¶9} The record indicates that the final divorce was held over a period

of two days beginning on June 28, 2012.  Nelson appeared at the hearing

alone, explaining that his counsel was out of town.  The transcript indicates

that in response to Nelson's appearance at the hearing, the court stated that

"[t]here had previously been an entry *preventing* you to intervene in this matter.  But there's not been any thing else filed."  (Emphasis added).  Nelson places much emphasis on this sentence in the transcript, arguing that the trial court was under the impression that Nelson had been prohibited from intervening, and therefore prohibited him from participating in the hearing.  However, reading the transcript as a whole, and taking into consideration the multiple entries in the record indentifying Nelson's status as an intervenor, it appears that the word "preventing" was a transcription error that should have read "permitting."  We arrive at this conclusion based upon the context of the sentence overall, as well as our review of the entire transcript, which included multiple transcription or typographical errors and misspellings.  For instance, two pages later in the transcript, a word that obviously should have been transcribed as "continuance," appears in the record as "continence."  These are just two examples of the many errors contained in the transcript.

{¶10} Further, a review of the hearing transcript reveals that the trial court would have permitted Nelson to participate had he chosen to; however, when given the option, he declined.  For instance, the following exchange appears in the transcript:

"COURT: Do you anticipate participating in today's hearing as an advocate somewhat?

A.         Yes sir I do.

COURT:   How so?

A.         Trying to see my son.

COURT:   Well there is no motion filed for that.  I mean I guess Mr. Skaggs is he still representing you?

A.         Yes sir.

* * *

COURT:   Do you intend to ask any questions during today's proceedings sir?

A.         No sir what I had was a paper that was also um just proved for the DNA and I just showed here my attendance was required for today's date for the 29th sir.

* * *

COURT:   It's up to you if you want to hang around but I don't know if either one of these gentlemen is going to call you as a witness or not.  And Mr. Skagg. . .

A.        I think maybe that was the main reason to be here

in case they needed me for a witness.

COURT:    And Mr. Skaggs apparently didn't intend on

presenting any evidence today because he's not

contacted our office or the court regarding a

continence [sic] or a scheduling conflict with his

office so.

A.        Right.  Like you said your Honor I didn't know if

maybe he just wanted me here in case I was

needed.

COURT:    I will assume that's why you're here then and you

can have a seat out in the hallway if you wish or

you can leave if you wish."

**{¶11}** A review of this exchange indicates no action on the part of the trial court to prevent Nelson from participating in the final hearing.  Instead, it reveals that the court diligently tried to determine Nelson's intentions in attending the hearing, which according to Nelson did not include presenting evidence or asking questions, but rather only to be available as a witness if called.  Based upon the foregoing, we cannot conclude that the trial court prevented Nelson from participating in the final hearing.  Although the

situation is unfortunate in that Nelson's counsel was not present, there was no denial of due process on the part of the court. Accordingly, Nelson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶12} In his second assignment of error, Nelson contends that the trial court erred by failing to serve him with a copy of the final, appealable order, in contravention of Civ.R. 58(B). In his brief, Nelson also points out that he was not served with a copy of the magistrate's decision either. Based upon the following reasoning, we find Nelson's failure to be served a copy of the magistrate's decision requires reversal and a remand to the trial court.

{¶13} Civ.R. 53(D)(3)(a)(iii) states as follows with respect to the form, filing and service of a magistrate's decision:

"A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under

Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically

objects to that factual finding or legal conclusion as required by

Civ.R. 53(D)(3)(b)."

Nelson was permitted to intervene in the matter below and was identified

and served as an intervenor in several court entries. Further, Nelson was

provided with notice of the final hearing and, as discussed above, appeared

at the final hearing, albeit without counsel. Clearly Nelson was a party to

the case and should have been served, either personally or through his

counsel, with a copy of the magistrate's decision.

{¶14} Further, upon review of the magistrate's decision that is

contained in the record, we also note that it appears the decision failed to

contain the language set forth in Civ.R. 53(D)(3)(a)(iii) which requires that

the decision conspicuously state the following:

"* * * a party shall not assign as error on appeal the court's

adoption of any factual finding or legal conclusion, whether or

not specifically designated as a finding of fact or conclusion of

law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and

specifically objects to that factual finding or legal conclusion as

required by Civ.R. 53(D)(3)(b)."

{¶15} The Ninth District Court of Appeals recently held in *Keller v. Keller*, 9th Dist. App. No. 25967, 2012-Ohio-4029, at ¶ 7 that where a magistrate's decision fails to notify the parties of the need to file objections, reversal and remand for the preparation of a magistrate's decision in compliance with Civ.R. 53(D)(3)(a)(iii) is the appropriate remedy. See also, *Ball v. Meier*, 9th Dist. App. No. 26079, 26109, 2012-Ohio-5864, at ¶ 21 (finding the notice on the magistrate's decision that referenced an incorrect section under Civ.R. 53 prejudiced the appellant and that such error was not harmless.); See, also *May v. May*, 4th Dist. No. 11CA910, 2012-Ohio-2348, ¶ 25 (concluding that the appellant did not waive all but plain error as a result of his failure to timely file objections to the magistrate's decision when the clerk failed to timely serve the appellant).

{¶16} Based upon the foregoing reasoning, we conclude that the facts sub judice require reversal and remand to the trial court. Here, the record indicates that not only did the magistrate's decision fail to include language required by Civ.R. 53, but also the clerk failed to serve Nelson, who was an intervenor and party to the case, with a copy of the magistrate's decision, thus precluding him from timely filing objections to that decision. As such, Appellant's second assignment of error is sustained. Accordingly, the decision of the trial court is reversed and this matter is remanded for the

purposes of preparing a Civ.R. 53 compliant magistrate's decision, and for

proper service to be made upon Michael Nelson.

**JUDGMENT REVERSED
AND CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.


For the Court,


BY:  _____
                Matthew W. McFarland
                     Presiding Judge




## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.