[Cite as *State v. Wheeler*, 2016-Ohio-2964.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26702 |
| | : | |
| v. | : | Trial Court Case No. 2015-CRM-2062 |
| | : | |
| ERIC WHEELER | : | (Criminal Appeal from |
| | : | Municipal Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of May, 2016.

. . . . . . . . . . .

ANDREW D. SEXTON, Atty. Reg. No. 0070892, Assistant City of Dayton Prosecutor, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

CHARLES E. MCFARLAND, Atty. Reg. No. 0031808, 338 Jackson Road, New Castle, Kentucky 40050
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Eric Wheeler, appeals from his conviction and sentence in the Dayton Municipal Court for possession of marijuana following a bench trial. For the reasons outlined below, the judgment of the trial court will be affirmed in part, vacated in part, and remanded for the limited purpose of resentencing Wheeler to a mandatory license suspension as required by R.C. 2925.11(E)(2).

## Facts and Course of Proceedings

{¶ 2} On April 7, 2015, Wheeler received two citations in Dayton, Ohio; one for failing to activate his turn signal at least 100 feet prior to turning his vehicle, and the other for possessing marijuana in an amount less than 100 grams in violation of R.C. 2925.11(A). Both charges are minor misdemeanors and were processed under separate case numbers in the Dayton Municipal Court. This appeal concerns the possession of marijuana charge that was prosecuted under Case No. 2015 CRM 2062.

{¶ 3} Wheeler pled not guilty to the possession of marijuana charge and proceeded pro se at a bench trial that was held before a magistrate on April 29, 2015. Following trial, the magistrate found Wheeler guilty and ordered him to pay a $100 fine, court costs, and lab fees in the amount of $125. The magistrate also imposed a six-month driver's license suspension.

{¶ 4} After receiving his sentence, Wheeler asked the trial court how to appeal his conviction and sentence. The trial court advised Wheeler that he had the right to file objections to a magistrate's decision, but declined to provide any further information on that matter. The magistrate then dated and recorded Wheeler's verdict and sentence on

the back of the corresponding citation under a heading entitled "Entry." The next day, April 30, 2015, the verdict and sentence were journalized on the docket. The written entry on the citation was later imaged and filed on May 28, 2015. Neither the magistrate's entry nor the docket indicates that the parties were served with copies of the entry.

{¶ 5} Instead of filing objections to the magistrate's decision, on May 26, 2015, Wheeler appealed the magistrate's decision to this court. On June 10, 2015, this court ordered Wheeler to show cause as to why his appeal should not be dismissed for lack of jurisdiction due to there being no final appealable order. Wheeler filed a response on June 22, 2015, in which he claimed the final appealable order was located on the back of the citation. However, at that point in time, the trial court had not filed an entry adopting the magistrate's decision.

{¶ 6} On June 25, 2015, the trial court filed a "Final Appealable Entry and Order Nunc Pro Tunc to April 29, 2015." The trial court's entry reflected the magistrate's decision finding Wheeler guilty of possessing marijuana in an amount less than 100 grams in violation of R.C. 2925.11(A), and also ordered Wheeler to pay a $100 fine, court costs, and lab fees. The trial court's entry, however, did not impose a driver's license suspension.

{¶ 7} In light of the trial court's entry, on July 10, 2015, this court ruled that a final appealable order was filed and that the show cause order was satisfied. In doing so, this court ordered Wheeler's notice of appeal to be amended to reflect that the appeal was taken from the trial court's June 25th entry and requested the record to be supplemented to include that entry. Wheeler thereafter filed his appellate brief in which he raised the

following three assignments of error for our review.

> I. THE APPELLATE COURT LACKS JURISDICTION DUE TO THE FAILURE OF THE TRIAL COURT JUDGE TO APPROVE OR ADOPT THE MAGISTRATE'S FINDING OF GUILT AND SENTENCE.

> II. THE TRIAL COURT ERRED IN FAILING TO MAKE AN INDEPENDENT INQUIRY INTO WHETHER DEFENDANT WHEELER'S WAIVER OF COUNSEL AT TRIAL WAS KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE, AND FAILED TO INFORM WHEELER THAT THE CONSEQUENCES OF HIS BEING FOUND GUILTY OF THE MINOR MISDEMEANOR POSSESSION OF MARIJUANA CHARGES WOULD RESULT IN A DRIVER'S LICENSE SUSPENSION, THEREBY DENYING WHEELER DUE PROCESS OF LAW.

> III. THE TRIAL COURT ERRED IN SUSPENDING DEFENDANT WHEELER'S DRIVER'S LICENSE ON A MINOR MISDEMEANOR DRUG OFFENSE.

**Standard of Review**

{¶ 8} At the outset, we note the State argues that Wheeler's assignments of error may only be reviewed for plain error because Wheeler never filed objections to the magistrate's decision. In support of this claim, the State cites to Crim.R. 19(D)(3)(b)(iv), which provides: "Except for a claim of plain error, a party shall not assign on appeal the

court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim. R. 19(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Crim. R. 19(D)(3)(b)." *See also State ex rel. Booher v. Honda of Am. Mfg., Inc.*, 88 Ohio St.3d 52, 53-54, 723 N.E.2d 571 (2000); *State v. Dixon*, 2d Dist. Greene No. 06-CA-0145, 2008-Ohio-415, ¶ 5.

{¶ 9} The foregoing rule is affected when a magistrate's written decision does not comply with the requirements in Crim.R. 19(D)(3)(a)(iii). Pursuant to that rule:

A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim. R. 19(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Crim.R. 19(D)(3)(b).[1]

{¶ 10} "[T]he main purpose for the procedures set forth in [Crim.R. 19] is to afford [parties] with a meaningful opportunity to file objections to a magistrate's decision." *Skydive Columbus Ohio, L.L.C. v. Litter*, 10th Dist. Franklin No. 09AP-563, 2010-Ohio-

---

[1] We note that Civ.R. 53(D)(3)(a)(iii) and Juv.R. 40(D)(3)(a)(iii) are analogous to Crim.R. 19(D)(3)(a)(iii) in that they also govern the form, filing, and service of a magistrate's decision. Furthermore, all of these provisions contain identical language and requirements. Accordingly, in ruling on this appeal, it is appropriate to rely on precedents that have applied the analogous provisions. *See State v. Masalko*, 9th Dist. Wayne No. 15AP0011, 2015-Ohio-5179, ¶ 5.

3325, ¶ 6, citing *Pinkerson v. Pinkerson*, 7 Ohio App.3d 319, 455 N.E.2d 693 (1st Dist.1982), syllabus. "The rationale is that when a magistrate fails to comply with [Crim.R. 19](D)(3)(a)(iii) * * * the parties may be unaware of the strict waiver rule prescribed by [Crim.R. 19](D)(3)(b)(iv) * * * and the related time-limited procedures for preserving objections to a magistrate's decision." (Citation omitted.) *In re A.W.C.*, 4th Dist. Washington No. 09CA31, 2010-Ohio-3625, ¶ 18. "The requirement that the magistrate's decision include a 'conspicuous' notice serves to warn the parties of the consequences of failing to file objections[.]" (Citations omitted.) *Walters v. Lewis*, 7th Dist. Mahoning No. 15 MA 0135, 2016-Ohio-1064, ¶ 18.

{¶ 11} The Ninth District Court of Appeals has consistently held that the failure to comply with the requirements of Crim.R. 19(D)(3)(a)(iii) and its analogous provisions amounts to reversible error that requires the matter to be remanded to the trial court so that the magistrate can prepare and file a decision that comports with the requirements of the rule and so that the parties may have the opportunity to file objections. *See, e.g., State v. Masalko*, 9th Dist. Wayne No. 15AP0011, 2015-Ohio-5179, ¶ 5-7 (reversing and remanding for failure to provide notice of the waiver rule in a magistrate's decision as required by Crim.R. 19(D)(3)(a)(iii)); *In re T.S.*, 9th Dist. Medina No. 11CA0033-M, 2012-Ohio-858, ¶ 8-9 (reversing and remanding for failure to correctly caption the magistrate's decision and failure to provide notice of the waiver rule as required by Juv.R. 40(D)(3)(a)(iii)); *Keller v. Keller*, 9th Dist. Summit No. 25967, 2012-Ohio-4029, ¶ 7-8 (reversing and remanding for failure to correctly caption the magistrate's decision and failure to provide notice of the 14-day window to file objections to the magistrate's decision); *Williams v. Ormsby*, 9th Dist. Medina No. 09CA0080-M, 2010-Ohio-3666, ¶ 12-

13 (reversing and remanding for failure to correctly caption the magistrate's decision and failure to provide notice of the waiver rule as required by Civ.R. 53(D)(3)(a)(iii)).

{¶ 12} In contrast, the Fourth, Fifth, Eleventh, and Twelfth Appellate Districts have held that if a magistrate's decision fails to comply with the analogous provisions of Crim.R. 19(D)(3)(a)(iii), the parties are relieved from the waiver rule and are permitted to raise assignments of error with respect to the magistrate's decision for the first time on appeal. *Picciano v. Lowers*, 4th Dist. Washington No. 08CA38, 2009-Ohio-3780, ¶ 18 ("[i]f the magistrate's decision does not comply with Civ.R. 53(D)(3)(a)(iii), then a party may assign as error on appeal the trial court's adoption of the magistrate's findings of fact and conclusions of law"); *compare Ellison v. Ellison*, 4th Dist. Lawrence No. 12CA25, 2013-Ohio-3769, ¶ 15-16 (reversing and remanding for failure to provide notice of waiver rule and failure to serve the magistrate's decision on a party to the case as required by Civ.R. 53); *Kramanak v. Myers*, 5th Dist. Stark No. 2013CA00010, 2013-Ohio-2977, ¶ 13 ("a party is not prohibited from assigning errors on appeal related to the court's adoption of a magistrate's factual findings if the required language of Civ.R.53(D)(3)(a)(iii) is not included in the magistrate's decision"); *Marble Builder Direct Internatl., Inc. v. Hauxhurst*, 11th Dist. Lake No. 2011-L-040, 2012-Ohio-1674, ¶ 17 ("[t]his court has held, repeatedly, that a party is not barred from assigning errors on appeal related to the court's adoption of the magistrate's factual findings, if the magistrate failed to include the required language of Civ.R. 53(D)(3)(a)(iii)"); *In re Molitor*, 12th Dist. Brown No. CA2012-06-013, 2013-Ohio-525, ¶ 15 ("[w]hen the trial court has failed to comply with the requirements of Civ.R. 53(D), this court is not precluded, on appeal, from addressing the merits of a party's assigned errors").

**{¶ 13}** Similarly, the Third and Seventh Appellate Districts have held that " '[i]f a magistrate fails to provide the parties with notice of the requirement to file objections, the aggrieved parties, at a minimum, are relieved from Civ.R. 53(D)(3)(b)(iv)'s waiver rule and are permitted to raise their arguments for the first time on appeal.' " *Cooper v. Cooper*, 3d Dist. Marion Nos. 9-13-62, 9-13-64, 2014-Ohio-4991, ¶ 8, quoting *Larson v. Larson*, 3d Dist. Seneca No. 13-11-25, 2011-Ohio-6013, ¶ 14; *Walters*, 7th Dist. Mahoning No. 15 MA 0135, 2016-Ohio-1064 at ¶ 18-19, quoting *Larson* at ¶ 14. However, where "the aggrieved party 'did not raise any arguments on appeal except for the magistrate's failure to abide by Civ.R. 53(D)(3)(a)(iii),' the appropriate remedy is to reverse the trial court's decision so that the party can have an opportunity to file objections to the magistrate's decision." *Cooper* at ¶ 8, quoting *Larson* at ¶ 14; *Walters* at ¶ 19.

**{¶ 14}** While there are different remedies employed for when a magistrate's decision does not comply with Crim.R. 19(D)(3)(a)(iii) or its analogous provisions, a common thread between them is that the failure must have resulted in prejudice in order for the remedy to apply. *See Pinkerson*, 7 Ohio App.3d 319, 455 N.E.2d 693 at syllabus ("[t]he clear import of Civ.R. 53[(D)] is to provide litigants with a meaningful opportunity to register objections to a report of the referee before judgment is entered thereon, and a failure to provide such an opportunity to object is prejudicial error"). For example, in all the aforementioned cases, the parties were prejudiced by the magistrate's failure to comply with Crim.R. 19(D)(3)(a)(iii) because they failed to file objections to the magistrate's decision as a result. *Compare Neu v. Neu*, 1st Dist. Hamilton No. C-140170, 2015-Ohio-1466, ¶ 20-22 (applying waiver rule after finding no prejudice resulted from the lack of notice language in the magistrate's decision because objections were

timely filed); *Skydive Columbus Ohio, L.L.C.*, 10th Dist. Franklin No. 09AP-563, 2010-Ohio-3325 at ¶ 11-12 (applying waiver rule after finding no prejudice resulted from the lack of service of magistrate's decision because appellant admitted to being aware of the decision and obtaining a copy of the decision five days before the time for filing objections expired).

{¶ 15} In this case, it is clear from the record that the magistrate's April 29, 2015 entry on the back of the citation did not comply with Crim.R. 19(D)(3)(a)(iii).   For example, not only was the entry not identified as a magistrate's decision or signed by the magistrate, but it also did not advise Wheeler that the failure to object to the decision would forfeit all but plain error on appeal.   Moreover, even if the required information had been included in the magistrate's decision, we find nothing in the record establishing that a copy of the entry was ever served on Wheeler.   These defects prejudiced Wheeler because he did not file any objections to the magistrate's decision and was unaware of the consequences of failing to do so.   Under these circumstances, and in following the majority of cases, we conclude that the waiver rule under Crim.R. 19(D)(3)(b)(iv) does not apply here and that Wheeler may raise his arguments pertaining to the trial court's adoption of the magistrate's decision for the first time on appeal.   Accordingly, we will not apply a plain error standard of review and instead review Wheeler's assigned errors directly upon their merits.

## First Assignment of Error

{¶ 16} Under his First Assignment of Error, Wheeler claims this court lacks jurisdiction to review this case because the trial court did not issue a final appealable

order adopting the magistrate's decision as required by Crim.R. 19. Wheeler also claims that he was never formally found guilty and sentenced by the magistrate because the magistrate's written decision fails to comply with Crim.R. 19(D)(3)(a)(iii), and as a result, there was no official order for the trial court to adopt. We disagree with these claims.

{¶ 17} As Wheeler correctly notes, "[a] magistrate's decision is not effective unless adopted by the court." Crim.R. 19(D)(4)(a). A magistrate's decision is merely an interlocutory recommendation that does not constitute a final appealable order until the trial court adopts the decision. *State v. Pennington*, 187 Ohio App.3d 526, 2010-Ohio-2139, 932 N.E.2d 941, ¶16 (2d Dist.). "[F]or a judgment entry of the court to be a final appealable order, it must adopt, reject, or modify the magistrate's decision and state, for identification purposes, the date the magistrate's decision was filed. * * * It should state the outcome and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry and should be a document separate from the magistrate's decision." *Bennett v. Bennett*, 2012-Ohio-501, 969 N.E.2d 344, ¶ 20 (2d Dist.), quoting Sowald & Morganstern, Ohio Practice Domestic Relations Law (2009) 701–02, Section 31:13. *Accord In re D.J.*, 2d Dist. Montgomery No. 26599, 2015-Ohio-2295, ¶ 4.

{¶ 18} In this case, despite the magistrate's written decision not complying with Crim.R. 19(D)(3)(a)(iii), the trial court issued a separate "Final Appealable Entry and Order Nunc Pro Tunc to April 29, 2015," which referenced the date of the magistrate's decision in its caption and, with the exception of the driver's license suspension, reflected the same verdict and sentence that was provided in the magistrate's decision. A magistrate's failure to comply with the procedural requirements under Crim.R. 19 does

not affect the trial court's jurisdiction to determine the action. *State v. Litreal*, 170 Ohio App.3d 670, 2006-Ohio-5416, 868 N.E.2d 1018, ¶ 9 (4th Dist.), citing *Eisenberg v. Peyton*, 56 Ohio App.2d 144, 148, 381 N.E.2d 1136 (8th Dist.1978). *Accord Hines v. Amole*, 4 Ohio App.3d 263, 265, 448 N.E.2d 473 (2d Dist.1982). Therefore, Wheeler's claim that there is no final appealable order as a result of the defects in the magistrate's decision lacks merit, as the trial court had jurisdiction to issue its entry adopting the magistrate's decision despite the defects. Furthermore, our decision and entry of July 10, 2015, already concluded that the trial court's entry constituted a final appealable order giving this court jurisdiction to review the matter.

{¶ 19} In so holding, we distinguish this case from *State v. Hayes*, 9th Dist. Medina No. 3175-M, 2002 WL 242115 (Feb. 20, 2002), where it was held that the trial court's nunc pro tunc entry adopting the magistrate's decision was invalid because there was nothing for the trial court to adopt due to a magistrate's decision never being filed or journalized. *Id.* at *2. Here, the magistrate's decision was journalized on the docket and the citation on which the decision was written was eventually filed with the court. Accordingly, the holding in *Hayes* is inapplicable here

{¶ 20} Wheeler's First Assignment of Error is overruled.

## Second Assignment of Error

{¶ 21} Under his Second Assignment of Error, Wheeler contends his constitutional right to due process was violated because the trial court failed to determine whether he was capable of representing himself and whether his decision to waive counsel and proceed pro se at trial was knowing, intelligent, and voluntary. Wheeler also claims the

trial court violated due process by failing to inform him that his driver's license would be subject to a mandatory suspension if he were found guilty of the minor misdemeanor charge for possessing marijuana. We once again disagree with Wheeler's claims.

{¶ 22} "The Fifth and Fourteenth Amendments to the United States Constitution provide that no person shall be deprived of life, liberty, or property without due process of law. The Fourteenth Amendment prohibition is specifically applicable to the states." *State v. Lopez,* 2d Dist. Greene No. 2002CA81, 2003-Ohio-679, ¶ 7. Basic procedural due process is required in cases involving minor misdemeanors. *Warren v. Granitto*, 93 Ohio App.3d 723, 726, 639 N.E.2d 865 (11th Dist.1994). "A two-step analysis is used when considering a claim that due process rights were violated. First, a court must determine whether the claimant has a right or interest that is entitled to due process protection. Second, if the claimant was deprived of such a right or interest, the court must determine what process is due*."* (Citation omitted.) *McDonald v. Dayton*, 146 Ohio App.3d 598, 2001-Ohio-1825, 767 N.E.2d 764, ¶ 20 (2d Dist.).

{¶ 23} That said, "a defendant has no constitutional right to court-appointed counsel when a criminal prosecution carries no possibility of incarceration." (Citations omitted.) *State v. Woods*, 2d Dist. Montgomery No. 16665, 1998 WL 906786, *4 (Dec. 31, 1998). Rather, a defendant merely has the right to retain counsel of his or her own choice. *State v. Bettah*, 5th Dist. Licking No. 05 CA 50, 2006-Ohio-1916, ¶ 42. Under that circumstance, we have held that a trial court is not obligated to advise a defendant of the right to counsel or to obtain a waiver of that right. *State v. Minne*, 2d Dist. Montgomery No. 23390, 2010-Ohio-2269, ¶ 20, citing *State v. Sturgill*, 3d Dist. Auglaize No. 2-01-34, 2002 WL 596114, *2 (Apr. 18, 2002), and *State v. Wiest*, 1st Dist. Hamilton

No. C-030674, 2004-Ohio-2577, ¶ 26-27.

{¶ 24} As noted above, Wheeler was charged with a minor misdemeanor, which does not carry the possibility of incarceration. Because he was not facing the possibility of incarceration, Wheeler had no right to a court-appointed counsel and the trial court did not have any obligation to advise Wheeler of the right to counsel or to obtain a waiver of that right. Therefore, we do not find that the trial court's failure to obtain a waiver of the right to counsel violated due process, as Wheeler had no such right to waive. Without this right, the act of determining whether Wheeler understood the ramifications of representing himself or his capability of doing so was unwarranted.

{¶ 25} Wheeler has also not provided any authority in support of his claim that due process requires a trial court to advise a defendant prior to trial of the consequences of being found guilty. Rather, the requirement to advise a defendant of the potential consequences of a charge generally arises when the defendant is waiving a right, such as the right to counsel, or the various rights waived when entering a guilty or no contest plea. Neither of these situations exist in the present case. Therefore, we do not find that the trial court was obligated to advise Wheeler prior to trial that his driver's license would be subject to suspension if he were found guilty.

{¶ 26} Wheeler's Second Assignment of Error is overruled.

**Third Assignment of Error**

{¶ 27} Under his Third Assignment of Error, Wheeler contends the trial court erred in imposing a mandatory license suspension under R.C. 2925.11(E)(2). Specifically, Wheeler claims that the language of this statute indicates that it does not apply to

offenders who commit minor misdemeanors.

{¶ 28} As a preliminary matter, we note that while the magistrate's decision in this case imposed a six-month license suspension, the trial court's entry adopting the magistrate's decision did not impose any license suspension. We have previously held that "[b]ecause a mandatory driver's license suspension is a statutorily mandated term, a trial court's failure to include this term in a criminal sentence renders the sentence void in part." *State v. Smith*, 2d Dist. Montgomery No. 26217, 2015-Ohio-700, ¶ 9, citing *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 15. (Other citation omitted.) In such a situation, "[r]esentencing is limited to the imposition of the mandatory driver's license suspension." *Id.*, citing *Harris* at ¶ 18. Therefore, if the mandatory license suspension under R.C. 2925.11(E)(2) is applicable in this case, the matter must be remanded to the trial court for resentencing solely for purposes of imposing the suspension.[2]

{¶ 29} Pursuant to R.C. 2925.11(E)(2):

In addition to any prison term or jail term authorized or required by division (C) of this section and sections 2929.13, 2929.14, 2929.22, 2929.24, and 2929.25 of the Revised Code and in addition to any other sanction that is imposed for the offense under this section, sections 2929.11 to 2929.18, or sections 2929.21 to 2929.28 of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A)

---

[2] We note that the State claims Wheeler's argument concerning the license suspension is not yet ripe for review since the trial court did not impose a license suspension in its final appealable order. However, we find that under the circumstances of this case, judicial economy would be better served by addressing Wheeler's argument at this juncture.

of this section shall do all of the following that are applicable regarding the offender:

* * *

(2) The court shall suspend for not less than six months or more than five years the offender's driver's or commercial driver's license or permit.

{¶ 30} Wheeler contends the phrase "[i]n addition to any prison term or jail term" indicates that the statute limits the applicability of license suspensions to circumstances where incarceration is authorized or required for the underlying offense. Thus, Wheeler maintains that the license suspension provided for in R.C. 2925.11(E)(2) does not apply to offenders who commit minor misdemeanors, as minor misdemeanors do not require or authorize any period of incarceration as punishment.

{¶ 31} The exact same argument was rejected by the Sixth District Court of Appeals in *State v. Boukissen*, 6th Dist. Sandusky No. S-14-046, 2015-Ohio-2973. In *Boukissen*, the court stated the following:

In our view, the phrase "in addition to" is not language of limitation. In connotes something added to what is already in place. The language treats license suspension as an additional collateral consequence in addition to a sentence under applicable Ohio sentencing laws for an R.C. 2925.11(A) conviction. The statute does not limit license suspensions to circumstances where the offender's violation of R.C. 2925.11(A) was of a type for which a prison term or jail term was authorized or imposed.

Specifically, we interpret the words "[i]n addition to any prison term or jail term authorized or required by division (C) of this section and sections

2929.13, 2929.14, 2929.22, 2929.24, and 2929.25 of the Revised Code and in addition to any other sanction that is imposed for the offense under this section, sections 2929.11 to 2929.18, or sections 2929.21 to 2929.28 of the Revised Code" to authorize imposition of a license suspension under R.C. 2925.11(E)(2) even where the R.C. 2915.11(A) offense was a minor misdemeanor.

*Id.* at ¶ 7-8.

{¶ 32} Accordingly, the court in *Boukissen* concluded that "the plain meaning of R.C. 2925.11(E) and (E)(2) demonstrates that the 'in addition to' introductory phrases to R.C. 2925.11 do not act to limit the license suspension provisions of R.C. 2925.11(E)(2) to R.C. 2925.11(A) offenses for which incarceration is authorized or has been imposed." *Id.* at ¶ 18.

{¶ 33} The court in *Boukissen* also thoroughly analyzed the legislative history of R.C. 2925.11(E) and concluded that even if "the statute was considered ambiguous on the issue, the statutory history demonstrates that R.C. 2925.11(E)(2) has been consistently interpreted as applying to minor misdemeanor violations of R.C. 2925.11(A)." *Id.* at ¶ 18. The court explained that before the "in addition to language" was added to the statute in 1996, the prior version of the statute, R.C. 2925.11(F), had previously been interpreted as providing for a mandatory license suspension for minor misdemeanor violations. *Id.* at ¶ 10, citing *State v. Vanpelt*, 3d Dist. Crawford No. 3-95-18, 1996 WL 65530, *2 (Feb. 1, 1996); *State v. Keene*, 3d Dist. Crawford No. 3-95-19, 1996 WL 65533, * 2 (Feb. 2, 1996); *Akron v. Wait*, 9th Dist. Summit No. 17373, 1996 WL 62111, *1-2 (Feb. 14, 1996). The court also cited several cases reviewing the 1996 version of the statute

with holdings indicating that the suspension applies to minor misdemeanor offenses. *Id.* at ¶ 12-15, citing *Metro. Park Dist. v. Pauch*, 8th Dist. Cuyahoga No. 74792, 1999 WL 1204878 (Dec. 16, 1999); *State v. Fisher*, 11th Dist. Portage No. 97-P-0026, 1997 WL 799912 (Dec. 26, 1997); *State v. Mihely*, 11th Dist. Ashtabula Nos. 2001-A-0083, 2001-A0084, 2002-Ohio-6939.

{¶ 34} The 1996 version of R.C. 2925.11(E) included similar "in addition to" language that is found in the present version of the statute.[3] This wording remained in effect until the current version was enacted under 2002 S.B. No. 123 and 2002 H.B. No. 490, effective January 1, 2004. *Boukissen*, 6th Dist. Sandusky No. S-14-046, 2015-Ohio-2973 at ¶ 16. Under the current version, the Eleventh District Court of Appeals has held that the suspension of a juvenile's driver's license for a minor misdemeanor possession of marijuana offense was properly ordered pursuant to R.C. 2925.11(E)(2). *In re C.C.*, 11th Dist. Geauga No. 2008-G-2838, 2008-Ohio-6776, ¶ 4, 18.

---

[3] Beginning July 1, 1996, R.C. 2925.11(E)(2) provided the following:

In addition to any prison term authorized or required by division (C) of this section and sections 2929.13 and 2929.14 of the Revised Code and in addition to any other sanction that is imposed for the offense under this section or sections 2929.11 to 2929.18 of the Revised Code, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section shall do all of the following that are applicable regarding the offender:

* * *

(2) The court shall suspend for not less than six months or more than five years the driver's or commercial driver's license or permit of any person who is convicted of or has pleaded guilty to a violation of this section.

1996 S.B. No. 269; 1995 S.B. No. 2.

**{¶ 35}** Wheeler claims that *Boukissen*'s interpretation of R.C. 2925.11(E) violates several rules of statutory construction. We disagree and adopt the analysis and interpretation set forth in *Boukissen*. Both the plain meaning of the statute and its legislative history indicate that the license suspension provided for in R.C. 2925.11(E)(2) applies to minor misdemeanor offenses. Therefore, because the mandatory license suspension applies to Wheeler's minor misdemeanor offense and the trial court did not include the license suspension in its final order, the matter must be remanded for the limited purpose of imposing the license suspension.

**{¶ 36}** Wheeler's Third Assignment of Error is overruled.

## Conclusion

**{¶ 37}** Having overruled all of Wheeler's assignments of error, the judgment of the trial court is affirmed in part, vacated in part, and remanded for the limited purpose of resentencing Wheeler to the mandatory license suspension required by R.C. 2925.11(E)(2).

. . . . . . . . . . . .

FAIN, J. and FROELICH, J., concur.


Copies mailed to:

Andrew D. Sexton
Charles E. McFarland
Hon. Daniel G. Gehres