[Cite as *State v. Clark*, 2017-Ohio-982.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27055 |
| | : | |
| v. | : | Trial Court Case No. TRD1509939 |
| | : | |
| ROBERT R. CLARK | : | (Criminal Appeal from |
| | : | Municipal Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of March, 2017.

. . . . . . . . . .

JOE CLOUD, Atty. Reg. No. 0040301, Prosecuting Attorney, Vandalia Municipal Court, 245 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
        Attorney for Plaintiff-Appellee

ROBERT R. CLARK, 120 East Van Lake Drive, Apartment 5, Vandalia, Ohio 45377
        Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Robert R. Clark, appeals pro se from the judgment of the Vandalia Municipal Court adopting the magistrate's decision finding him guilty of failing to yield at a stop sign and causing a collision. For the reasons outlined below, the trial court's judgment will be affirmed.

{¶ 2} On November 7, 2015, Clark was cited in the city of Vandalia, Ohio, for failure to yield at a stop sign and causing an accident at the intersection of Taylorsview Drive and Brown School Road in violation of Vandalia Traffic Ordinance 432.18(a). Thereafter, Clark pled not guilty to the offense and waived his right to a speedy trial. The matter then proceeded to a bench trial before a magistrate on February 4, 2016. Clark appeared pro se at trial and testified on his behalf. The city presented testimony from the driver of the vehicle whom Clark collided with during the violation, Michael J. Hall[1], and the responding Vandalia police officer, Shaun Coatsworth.

{¶ 3} Based on the testimony presented at trial, the magistrate issued a written decision on February 8, 2016, finding Clark guilty as charged and ordering Clark to pay a $50 fine and court costs. The magistrate's decision specifically indicated that, pursuant to Crim.R. 19(D)(3)(b), the parties had fourteen days from the date of the decision to file any objections to the magistrate's factual findings and/or conclusions of law. As part of the decision, the magistrate also conspicuously provided the rule in Crim.R. 19(D)(3)(b)(iv), which provides as follows:

Waiver of Right to Assign Adoption by Court as Error on Appeal. Except

for a claim of plain error, a party shall not assign [as error] on appeal the

---

[1] No relation to Judge Michael T. Hall.

court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim.R. 19(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Crim.R. 19(D)(3)(b).

**{¶ 4}** Neither the city nor Clark filed objections to the magistrate's decision. Accordingly, on February 25, 2016, the trial court issued a final decision and entry adopting the magistrate's decision, as well as an entry finding Clark guilty as charged, and ordering him to pay a $50 fine and court costs.

**{¶ 5}** Clark now appeals from the trial court's decision adopting the magistrate's decision finding him guilty. In his appellate brief, Clark does not raise any assignments of error for review. Rather, Clark's brief merely consists of a short, handwritten statement recounting his version of what happened during the accident, as well as a typed statement allegedly prepared by an individual named Don Ford, who claimed to have driven by the scene of the accident after it occurred.

**{¶ 6}** Regardless of Clark's failure to set forth any specific argument or assignment of error for our review, it is clear that pursuant to Crim.R. 19(D)(3)(b)(iv) Clark has waived his ability to assign any error on appeal, other than plain error, from the trial court's adoption of the magistrate's decision. The record demonstrates that the magistrate's decision provided Clark with a meaningful opportunity to file objections, as it complies with all requirements in Crim.R. 19(D)(3)(a)(iii), including a conspicuous notice that failing to file objections to the magistrate's decision would result in waiving his ability to assign error on appeal from the trial court's judgment on grounds other than plain error. *See State v. Wheeler*, 2016-Ohio-2964, 65 N.E.3d 182, ¶ 8-10 (2d Dist.). Therefore, because

Clark did not file any objections to the magistrate's decision and his brief raises no claims, let alone a claim of plain error, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Joe Cloud
Robert R. Clark
Hon. Cynthia M. Heck